```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X

UNITED STATES OF AMERICA         :

        - v. -                   :      08 Cr. 036 (JGK)

Eric Peels,                      :

                Defendant.       :

--------------------------------X
```

**DEFENDANT ERIC PEELS'S MOTION AND MEMORANDUM IN SUPPORT THEREOF
TO SUPPRESS EVIDENCE BASED UPON AN ILLEGAL SEARCH AND SEIZURE**

 

                                      LEONARD F. JOY, ESQ.
                                      Federal Defenders of New York, Inc.
                                      Attorney for Defendant
                                      **ERIC PEELS**
                                      52 Duane Street - 10th Floor
                                      New York, New York 10007
                                      Tel.: (212) 417-8737

                                      **HUGH M. MUNDY, ESQ.**
                                      <u>Of Counsel</u>

TO:  **MICHAEL J. GARCIA, ESQ.**
     United States Attorney
     Southern District of New York
     One. St. Andrew's Plaza
     New York, New York 10007
     Attn: **AMY R. LESTER, ESQ.**
     Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X

UNITED STATES OF AMERICA         :

        - v. -                   :       08 Cr. 036 (JGK)


Eric Peels,                      :

                Defendant.       :

--------------------------------X
```

**DEFENDANT ERIC PEELS'S MOTION AND MEMORANDUM IN SUPPORT THEREOF TO SUPPRESS EVIDENCE BASED UPON AN ILLEGAL SEARCH AND SEIZURE**

The defendant, Eric Peels ("Peels"), hereby moves under Federal Rules of Criminal Procedure 12(b)(3) and 41 to suppress evidence obtained as the result of an illegal search and seizure by the New York Police Department on September 29, 2007. In particular, Peels moves to suppress a gun that was found in an apartment in which he was a guest following an illegal search. In addition, Peels moves to suppress statements that were made following the discovery of the gun as fruits of the illegal search.

## Background

Peels is charged in a one-count indictment arising out of his alleged possession of a gun. The basis of the charge against Peels is a search conducted at 3540 Decatur Avenue, apartment 3K, in the Bronx ("the Decatur address"), by the New York Police Department on September 29, 2007. Peels was a guest in the

apartment. The search was conducted without a warrant, and without consent (see Peels Declaration, attached hereto as Exhibit A), and ended in the discovery of a gun.

On September 26, 2007, Peels was allegedly involved in an altercation with his estranged girlfriend in the lobby of a building located at 3524 Hull Avenue in the Bronx. See Complaint, attached hereto as Exhibit B, ¶ 2(a-b). Peels was not arrested on that date. See id.

On September 29, 2007, the police received an anonymous tip that Peels was inside the Decatur address. Complaint at ¶2(c). Rather than obtaining a search warrant, the police went to the Decatur address and entered the apartment without consent. See Peels Decl. at ¶4.

Upon entering the apartment with guns drawn, the officers saw Peels in a hallway outside a back room. See id. at ¶5. Peels immediately surrendered and was taken into custody. See id. A search of the apartment yielded a gun concealed in a sock and wedged between the mattress and frame of a bed located in a bedroom in the apartment. Complaint at ¶2(g).

### Argument

Under the Fourth Amendment, the warrantless search of a home is "presumptively unreasonable." Payton v. New York, 445 U.S. 573, 586 (1980); see also Agnello v. United States, 269 U.S. 20, 32 (1925) ("The search of a private dwelling without a warrant is

in itself unreasonable and abhorrent to our laws."); Anobile v. Pelligrino, 274 F.3d 45, 61 (2d Cir. 2001) ("[H]omes receive the highest Fourth Amendment protections.")  Without consent or exigent circumstances, the police are prohibited from entering a person's home without a warrant for the purpose of either making an arrest or conducting a search.  See Illinois v. Rodriguez, 497 U.S. 177, 181 (1990).  Once a defendant has established a basis for his motion to suppress, such as a search conducted without a warrant, the government bears the burden of proving by a preponderance of the evidence that the search was proper.  See United States v. Mendenhall, 446 U.S. 544, 557 (1980); United States v. Calvente, 722 F.2d 1019, 1023 (2d Cir. 1983).

The police officers who arrested Peels and searched an apartment in which he was a guest did not have a warrant authorizing them to do so.  Indeed, rather than seeking to obtain a warrant based on the information they had received, the police entered a private home and searched it.  Without a warrant, the government must show that an exception existed entitling the police to enter and search the apartment.  From the Complaint filed by the government in this case, the police allege that the owner of the apartment provided consent to search.  Complaint, ¶ 2(d).  The government asserts that despite the lack of a warrant, the police were entitled to enter the apartment and to search it based upon such consent.

The government has offered no proof, beyond an averment in the Complaint, that the owner of the apartment consented to a search. For his part, Peels did not consent to the search. As such, the police illegally entered the apartment, placed Peels in handcuffs, and searched the apartment without consent. Under these circumstances, the Fourth Amendment requires that the fruits of the search be suppressed. <u>See</u>, <u>e.g.</u>, <u>United States v. Santos</u>, 303 F.Supp.2d 333, 343-44, 349 (S.D.N.Y. 2003) (where police officers responded to anonymous tip regarding gun and searched apartment without warrant, finding police testimony that defendant and his family consented to search to be incredible, and suppressing evidence).

Following his unlawful arrest and the unlawful search of his apartment, Peels allegedly threatened the police and made other statements regarding the discovery of the gun. Those statements were made as the result of the illegal arrest and search of Peels, and, as such, they too should be suppressed as the fruits of an illegal search. <u>See</u> <u>Brown</u> v. <u>Illinois</u>, 422 U.S. 590 (1975).

### Conclusion

**Wherefore**, it is respectfully requested that this Court enter an order suppressing the physical evidence and statements recovered from Peels by the New York Police Department on September 29, 2007, which were obtained in violation of the Fourth Amendment to the United States Constitution.

-4-

```
Dated: New York, New York
       March 31, 2008

                                    LEONARD F. JOY, ESQ.
                                    Federal Defenders of New York, Inc.
                                    Attorney for Defendant
                                    **ERIC PEELS**
                                    52 Duane Street - 10th Floor
                                    New York, New York  10007
                                    Tel.:  (212) 417-8737

                                    /s Hugh M. Mundy
                                    HUGH M. MUNDY, ESQ.
                                    Of Counsel.

TO:   **MICHAEL J. GARCIA, ESQ.**
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York  10007
      Attn.:    **AMY R. LESTER**
                Assistant United States Attorney
```

-5-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA          :

    - v. -                          :

**Eric Peels**,                    :

         Defendant.       :

------------------------------------X

**D E C L A R A T I O N**
**08 Cr. 036 (JGK)**

    I, **ERIC PEELS,** hereby declare under the penalties of perjury, pursuant to 28 U.S.C.§ 1746, that:

    1. I am the defendant in this criminal action, and I am submitting this Declaration in support of a motion to suppress physical evidence that was obtained in violation of my rights under the Fourth Amendment to the United States Constitution.

    2. This Declaration is based on my best recollection of the events that it describes; because its purpose is limited to establishing that my rights were violated, I have not included every detail of what occurred.

    3. On September 29, 2007, I was a guest inside an apartment located at 3540 Decatur Avenue, Apartment 3K in the Bronx. The individual renting the apartment was also present.

    4. Sometime in the afternoon, several police officers barged into the apartment with their guns drawn yelling my name. I did not give the police consent to enter the apartment. I did not hear the other individual in the apartment give the police permission to enter.

5. When the police entered, I was standing in the hallway outside a back room in the apartment. I immediately got down on the ground as ordered and was placed under arrest. The officers did not read me my <u>Miranda</u> rights then, or at any time after I was placed under arrest.

6. After I was arrested, the police began to search the apartment. I was told that the police found a gun in the back room of the apartment.

**WHEREFORE**, I respectfully request that this Court enter an order suppressing the evidence recovered as a result of this Fourth Amendment violation.

Dated:   New York, New York
         March 31, 2008

*Eric Peels*
_____
**ERIC PEELS**

ORIGINAL

Approved: _____
          AMY LESTER
          Assistant United States Attorney

Before:   HONORABLE ANDREW J. PECK        07 MAG   1787
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - -X
                             :    COMPLAINT
UNITED STATES OF AMERICA     :
                             :    Violation of
       - v. -                :    18 U.S.C. §§ 922(g)(1) and (k)
                             :
ERIC PEELS,                  :    COUNTY OF OFFENSE:
                             :    BRONX
            Defendant.       :
                             :
- - - - - - - - - - - - - - -X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        JAMA Y. JOSEPH, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD") and charges as follows:

COUNT ONE

        On or about September 29, 2007, in the Southern District of New York, ERIC PEELS, the defendant, unlawfully, willfully, and knowingly, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about February 14, 2002, in New York Supreme Court, Bronx County, for Assault in the Second Degree, in violation of New York Penal Law 120.05(2), a Class D Felony, did possess in and affecting commerce, a firearm, to wit, a loaded Titan 25 caliber semi-automatic pistol, which previously had been shipped and transported in interstate and foreign commerce.

        (Title 18, United States Code, Section 922(g)(1).)

COUNT TWO

        On or about September 29, 2007, in the Southern District of New York and elsewhere, ERIC PEELS, the defendant, unlawfully, willfully, and knowingly, did possess and receive a firearm, to wit, a Titan 25 caliber semi-automatic pistol, which had the importer's and manufacturer's serial number removed,

obliterated, and altered, and which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(k).)

The bases for my knowledge and the foregoing charge are, in part, as follows:

1. I am a Detective with the New York City Police Department, assigned to the Firearms Enhancement Unit, and I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law-enforcement agents and others and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2. I have spoken with a Detective with the New York City Police Department ("Detective-1"). From doing so, I have learned the following, in substance and in part:

(a) On or about September 26, 2007, a female victim ("Victim-1") was assaulted by ERIC PEELS, the defendant, in the lobby of the building located at 3524 Hull Avenue, Bronx, New York.

(b) On or about September 28, 2007, Detective-1 spoke with Victim-1 about the assault, at which time Victim-1 told Detective-1 that ERIC PEELS, the defendant, was the individual who assaulted her by striking her with a gun. After speaking with Victim-1, Detective-1, along with other NYPD officers, searched for PEELS in the surrounding neighborhood, but they were unable to locate him at that time.

(c) On or about September 29, 2007, at approximately 4:50 p.m., Detective-1 received information that ERIC PEELS, the defendant, was staying in Apartment 3K at 3540 Decatur Avenue, Bronx, New York. Detective-1 and other NYPD officers drove to that address, entered the building, and stationed themselves in the hallway outside Apartment 3K. Detective-1 then called for uniformed support. Once the uniformed officers arrived at the scene, they joined Detective-1 and the other NYPD officers in the hallway outside Apartment 3K.

        (d) Detective-1 knocked on the door to Apartment 3K. When a woman ("Woman-1") opened the door, Detective-1 identified himself and the other NYPD officers as police officers and asked if they could enter the apartment. Woman-1 consented to Detective-1 and the other officers entering the apartment.

        (e) Detective-1 entered the apartment and showed Woman-1 a picture of ERIC PEELS, the defendant. Woman-1 confirmed that PEELS was in the back room of the apartment.

        (f) Detective-1 and some of the other NYPD officers walked down the hallway from the living room towards the back room of the apartment. Detective-1 observed ERIC PEELS, the defendant, through the open doorway of the back room. Detective-1 and the other NYPD officers approached PEELS, who was now standing by the foot of the bed in the back room. Detective-1 and the other NYPD officers restrained PEELS and placed him in handcuffs.

        (g) One of the NYPD officers ("Officer-1") saw what appeared to be a folded sock between the mattress and the wooden frame of the bed. When Officer-1 picked up the sock, he immediately realized that the sock held a gun, based on his training and experience. Officer-1 informed Detective-1 and the other NYPD officers that he had recovered a gun.

        (h) After ERIC PEELS, the defendant, had been placed in an NYPD vehicle for transport to the 52nd Precinct, Detective-1 and Officer-1 showed Victim-1 the gun that was recovered from the arrest location. Victim-1 confirmed that the gun recovered by Officer-1 was the same gun that was used by PEELS to assault her.

        3. I have reviewed the NYPD firearms report that identified the firearm recovered from ERIC PEELS, the defendant, as a Titan 25 caliber semi-automatic pistol. Based on my training and experience, and my conversations with other law enforcement agents, including an ATF interstate nexus expert, I know that Titan 25 caliber semi-automatic pistols are not and have never been manufactured in the State of New York.

        4. I have viewed a picture of the firearm taken into evidence by Officer-1 in this case. The serial number on the firearm recovered from ERIC PEELS, the defendant, is obviously defaced.

        5. I have reviewed criminal records pertaining to

ERIC PEELS, the defendant. Those records reveal that on or about February 14, 2002, in New York Supreme Court, Bronx County, PEELS was convicted of Assault in the Second Degree, in violation of New York Penal Law 120.05(2), a Class D Felony.

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of ERIC PEELS, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

```
_____
DETECTIVE JAMA Y. JOSEPH
Firearms Enhancement Unit
New York City Police Department
```

Sworn to before me this
31st day of October, 2007

```
_____
HONORABLE ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK
```

4