UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA           :     **ATTORNEY AFFIRMATION**

    - v. -                          :     **08 Cr. 036 (JGK)**

**Eric Peels**,                    :

                  Defendant.    :

----------------------------------X

    I, MARTIN S. COHEN, hereby declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that:

    1.  I am an Assistant Federal Defender with the Federal Defenders of New York, Inc. and have been appointed by the Court to represent Eric Peels in this action.  I make this affirmation in support of Mr. Peels' motion pursuant to Rules 12(b)(3) and 41 of the Federal Rules of Criminal Procedure to suppress evidence and statements obtained from Mr. Peels by law enforcement authorities.

    2.  The statements contained in this affirmation are based on my review of the documents provided by the government in discovery and in response to Mr. Peels' initial motion to suppress, filed on March 31, 2008.

    3.  On September 29, 2007, the police, acting without a warrant, entered and conducted a search of 3540 Decatur Avenue, Apartment 3K, in the Bronx without a warrant.

    4.  As the police were without lawful authority to enter and search the residence in question, all evidence and statements

obtained as a result of the entry and search must be suppressed.

5. Attached as Exhibit A is a letter from Assistant United States Attorney Amy Lester to defense counsel Hugh Mundy dated April 25, 2008.

6. Attached as Exhibit B is the Complaint in this action.

7. Attached as Exhibit C is the Supplemental Declaration of Mr. Peels dated May 5, 2008, which was previously submitted in support of the initial motion to suppress. [It is listed as document number 23 on the docket sheet in this action.]

**WHEREFORE**, it is respectfully requested that this Court enter an order suppressing the evidence and statements recovered from Mr. Peels as a result of the entry and search of 3540 Decatur Avenue, Apartment 3K, in the Bronx on September 29, 2007.

I declare under penalty of perjury that the foregoing is true and accurate.

Dated:   New York, NY
         July 3, 2008

/s Martin S. Cohen
MARTIN S. COHEN

# Exhibit A



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 25, 2008

**BY HAND**

Hugh M. Mundy, Esq.
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, New York 10007

    Re:    <u>United States v. Eric Peels</u>,
            **08 Cr. 36 (JGK)**

Dear Mr. Mundy:

       The Government submits this letter, in an abundance of caution, to advise the defendant of certain statements made by a witness. The Government has spoken with Patricia Davis, who is identified as "Woman-1" in the Complaint. Among other things, Ms. Davis stated, in substance, that the police did not ask for, and therefore she did not expressly provide, verbal consent to enter her apartment. She also informed the Government that she had been contacted by an investigator for the defense.

                                          Very truly yours,

                                          MICHAEL J. GARCIA
                                          United States Attorney

                         By:   _____
                                Amy Lester
                                Assistant United States Attorney
                                Tel: (212) 637-2416
                                Fax: (212) 637-2527

# Exhibit B

Approved: _____          07 MAG   1787
          AMY LESTER
          Assistant United States Attorney

Before:   HONORABLE ANDREW J. PECK
          United States Magistrate Judge
          Southern District of New York

------------------X

UNITED STATES OF AMERICA    :   COMPLAINT

   - v. -               :   Violation of
                             18 U.S.C. §§ 922(g)(1) and (k)

ERIC PEELS,            :   COUNTY OF OFFENSE:
                              BRONX
        Defendant.    :

------------------X

SOUTHERN DISTRICT OF NEW YORK, ss.:

      JAMA Y. JOSEPH, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD") and charges as follows:

### COUNT ONE

      On or about September 29, 2007, in the Southern District of New York, ERIC PEELS, the defendant, unlawfully, willfully, and knowingly, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about February 14, 2002, in New York Supreme Court, Bronx County, for Assault in the Second Degree, in violation of New York Penal Law 120.05(2), a Class D Felony, did possess in and affecting commerce, a firearm, to wit, a loaded Titan 25 caliber semi-automatic pistol, which previously had been shipped and transported in interstate and foreign commerce.

      (Title 18, United States Code, Section 922(g)(1).)

### COUNT TWO

      On or about September 29, 2007, in the Southern District of New York and elsewhere, ERIC PEELS, the defendant, unlawfully, willfully, and knowingly, did possess and receive a firearm, to wit, a Titan 25 caliber semi-automatic pistol, which had the importer's and manufacturer's serial number removed,

obliterated, and altered, and which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(k).)

The bases for my knowledge and the foregoing charge are, in part, as follows:

1. I am a Detective with the New York City Police Department, assigned to the Firearms Enhancement Unit, and I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law-enforcement agents and others and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2. I have spoken with a Detective with the New York City Police Department ("Detective-1"). From doing so, I have learned the following, in substance and in part:

(a) On or about September 26, 2007, a female victim ("Victim-1") was assaulted by ERIC PEELS, the defendant, in the lobby of the building located at 3524 Hull Avenue, Bronx, New York.

(b) On or about September 28, 2007, Detective-1 spoke with Victim-1 about the assault, at which time Victim-1 told Detective-1 that ERIC PEELS, the defendant, was the individual who assaulted her by striking her with a gun. After speaking with Victim-1, Detective-1, along with other NYPD officers, searched for PEELS in the surrounding neighborhood, but they were unable to locate him at that time.

(c) On or about September 29, 2007, at approximately 4:50 p.m., Detective-1 received information that ERIC PEELS, the defendant, was staying in Apartment 3K at 3540 Decatur Avenue, Bronx, New York. Detective-1 and other NYPD officers drove to that address, entered the building, and stationed themselves in the hallway outside Apartment 3K. Detective-1 then called for uniformed support. Once the uniformed officers arrived at the scene, they joined Detective-1 and the other NYPD officers in the hallway outside Apartment 3K.

(d) Detective-1 knocked on the door to Apartment 3K. When a woman ("Woman-1") opened the door, Detective-1 identified himself and the other NYPD officers as police officers and asked if they could enter the apartment. Woman-1 consented to Detective-1 and the other officers entering the apartment.

(e) Detective-1 entered the apartment and showed Woman-1 a picture of ERIC PEELS, the defendant. Woman-1 confirmed that PEELS was in the back room of the apartment.

(f) Detective-1 and some of the other NYPD officers walked down the hallway from the living room towards the back room of the apartment. Detective-1 observed ERIC PEELS, the defendant, through the open doorway of the back room. Detective-1 and the other NYPD officers approached PEELS, who was now standing by the foot of the bed in the back room. Detective-1 and the other NYPD officers restrained PEELS and placed him in handcuffs.

(g) One of the NYPD officers ("Officer-1") saw what appeared to be a folded sock between the mattress and the wooden frame of the bed. When Officer-1 picked up the sock, he immediately realized that the sock held a gun, based on his training and experience. Officer-1 informed Detective-1 and the other NYPD officers that he had recovered a gun.

(h) After ERIC PEELS, the defendant, had been placed in an NYPD vehicle for transport to the 52nd Precinct, Detective-1 and Officer-1 showed Victim-1 the gun that was recovered from the arrest location. Victim-1 confirmed that the gun recovered by Officer-1 was the same gun that was used by PEELS to assault her.

3. I have reviewed the NYPD firearms report that identified the firearm recovered from ERIC PEELS, the defendant, as a Titan 25 caliber semi-automatic pistol. Based on my training and experience, and my conversations with other law enforcement agents, including an ATF interstate nexus expert, I know that Titan 25 caliber semi-automatic pistols are not and have never been manufactured in the State of New York.

4. I have viewed a picture of the firearm taken into evidence by Officer-1 in this case. The serial number on the firearm recovered from ERIC PEELS, the defendant, is obviously defaced.

5. I have reviewed criminal records pertaining to

3

ERIC PEELS, the defendant. Those records reveal that on or about February 14, 2002, in New York Supreme Court, Bronx County, PEELS was convicted of Assault in the Second Degree, in violation of New York Penal Law 120.05(2), a Class D Felony.

    WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of ERIC PEELS, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

```
                                    _____
                                    DETECTIVE JAMA Y. JOSEPH
                                    Firearms Enhancement Unit
                                    New York City Police Department
```

Sworn to before me this
31st day of October, 2007

```
s/_____
HONORABLE ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK
```

4

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

UNITED STATES OF AMERICA           :      **SUPPLEMENTAL**
                                          **DECLARATION**
    - v. -                         :      **08 Cr. 036 (JGK)**

**Eric Peels,**                    :

                Defendant.         :

-----------------------------------X

I, **ERIC PEELS,** hereby declare under the penalties of perjury, pursuant to 28 U.S.C.§ 1746, that:

1. I am the defendant in this criminal action, and I am submitting this Supplemental Declaration in support of a motion to suppress physical evidence that was obtained in violation of my rights under the Fourth Amendment to the United States Constitution.

2. This Supplemental Declaration is based on my best recollection of the events that it describes; because its purpose is limited to establishing that my rights were violated, I have not included every detail of what occurred.

3. On September 29, 2007, I was an overnight guest inside an apartment located at 3540 Decatur Avenue, Apartment 3K in the Bronx. The individual renting the apartment was also present.

4. I arrived at the apartment on September 28, 2007 sometime during the afternoon. I slept in the apartment on the evening of September 28, 2007 and planned to remain at the apartment until I found another place to stay.

5.  I had the permission of the individual renting the apartment to stay in the apartment and to use the washer and dryer and other household appliances as needed.

6.  I was able to come and go from the apartment at my leisure.

**WHEREFORE**, I respectfully request that this Court consider the facts set forth herein, in addition to those previously submitted, and enter an order suppressing the evidence recovered as a result of this Fourth Amendment violation.

Dated:   New York, New York
         May 5, 2008

*[signature: Eric Peels]*
_____
ERIC PEELS