# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Leonard F. Joy
*Executive Director*

Southern District of New York
John J. Byrnes
*Attorney-in-Charge*

July 23, 2008

By Hand and ECF

The Honorable John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1030
New York, NY 10007

Re:   **United States v. Eric Peels**,
      **08 Cr. 36 (JGK)**

Dear Judge Koeltl:

I represent Eric Peels in the above-captioned case. On July 3, 2008, Mr. Peels filed a motion to suppress evidence recovered by the New York Police Department during a warrantless entry and search of the apartment where Mr. Peels was staying. On July 17, 2008, the government responded by letter to Mr. Peels' suppression motion. I respectfully submit this letter in reply to the Government's response. The Court has scheduled a hearing on the motion for July 31, 2008 at 10:00 a.m.

As set forth in Mr. Peels' motion, on the afternoon of September 29, 2007, the police received a tip that Mr. Peels was staying at an apartment on Decatur Avenue in the Bronx. Instead of getting a warrant, the police went to the apartment, banged on the door shouting "Police!," barged into the apartment when the door was opened by a tenant, arrested Mr. Peels, and *then* conducted a search of the back room of the apartment.

Mr. Peels' motion to suppress is based on two independent arguments: first, that the police entered the apartment where Mr. Peels was staying without a warrant and without consent; and second, even were the Court to find consent, its reasonable scope was entry for the purposes of arresting Mr. Peels, and not for the purposes of searching the back room. In its response, the Government addressed the first argument but not the second.

The Government argues that the warrantless entry did not violate the Fourth Amendment because the police received consent to enter the apartment, and if not, there were exigent circumstances present which justified the entry. The government will not be able to meet its

Hon. John G. Koeltl
July 23, 2008
Page 3 of 3

burden of proving either of these theories. According to the Government's investigator, Patricia Davis, the tenant who opened the door for the police, stated that she did not ask for, and did not expressly provide, verbal consent. And while valid consent may be expressed in words, acts or conduct, *see Krause v. Penny*, 837 F.2d 595, 597 (2d Cir. 1988), it must also be the product of an "individual's free and unconstrained choice," and not the "mere acquiescence in a show of authority." *See United States v. Wilson*, 11 F.3d 346, 351 (2d Cir. 1993). The Government cannot establish that it received such consent here.

The Government contends alternatively that there were exigent circumstances present that justified the entry. The police "bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests." *Welsh v. Wisconsin*, 466 U.S. 740, 749-50 (1984); *see also United States v. Lavan*, 10 F. Supp. 2d 377, 384 (S.D.N.Y. 1998) (warrant requirement "may not be disregarded absent a persuasive showing that the situation precluded application for a warrant."). Here, the police received a tip that Mr. Peels was staying in the Decatur Apartment and went there to arrest him. Detective-1 and other officers stationed themselves in the hallway outside of Ms. Davis's apartment and called for back-up. Uniformed officers then joined their colleagues in the hallway. By this point, the police could have sought a search warrant. They chose not too. Such a decision runs afoul of the Fourth Amendment.

Crucially, even were the Court to find that the warrantless *entry* was constitutional, the later *search* of the back room was not. The scope of the purported consent could not reasonably have been construed to encompass the search, nor could exigent circumstances justify the search once Mr. Peels was restrained. *See, e.g., Arizona v. Hicks*, 480 U.S. 321, 325 (1987) ("taking action, unrelated to the objectives of the authorized intrusion . . . did produce a new invasion of respondent's privacy unjustified by the exigent circumstances that validated the entry.").

To overcome this hurdle, the Government invokes the protective sweep and plain sight doctrines. Neither of these doctrines justify the search here. The Government asserts that the area under the mattress was within Mr. Peels' immediate control, and thus the Government could conduct a protective search of that area. *See United States v. Blue*, 78 F.3d 56, 60 (1996) (protective sweep may encompass a search for weapons within the immediate "grab area" of a suspect.). In determining whether or not an area is within an arrestee's immediate control, courts consider, among other things, the arrestee's location and the nature of any restraints that have been imposed on that person. *Id.*

Here, while the officer was searching under the mattress, Mr. Peels was outside of the room with his hands cuffed behind his back. Because the area under the mattress was not within Mr. Peels' immediate control at the time of the search, the Fourth Amendment requires the suppression of the gun. *Compare United States v. Hernandez*, 941 F.2d 133, 137 (2d Cir. 1991) (upholding search between mattress and boxspring as within arrestee's grab area) *with Blue*, 78 F. 3d at 59-60 (search exceeded permissible scope of protective sweep; handcuffed arrestees

Hon. John G. Koeltl
July 23, 2008
Page 3 of 3

could not reach between mattress and box spring without being stopped by agent); *United States v. Williams*, 2004 WL 1637021, at *4 (S.D.N.Y. July 20, 2004) (suppressing gun where suspects were adequately restrained and mattress was not within grab area).

Finally, the Government asserts that the gun, hidden in a sock under a mattress, was in plain view. This argument fails for two independent reasons. The police were never lawfully in a position to view the sock/gun, and its incriminating nature was not "immediately apparent." *See United States v. Kiyuyung*, 171 F.3d 78, 83 (1999) (under plain view doctrine, seized evidence must be "[p]atently incriminating.").

For the reasons set forth above and in Mr. Peels' motion to suppress, the Government will not be able to meet its burden of establishing that the entry and search fell into any of the exceptions to the warrant requirement. After hearing testimony, the Court should grant Mr. Peels' motion and enter an order suppressing the gun, and statements made by Mr. Peels following the arrest and search, which were obtained in violation of the Fourth Amendment to the United States Constitution.

> Respectfully submitted,
>
> LEONARD F. JOY, ESQ.
> Federal Defenders of New York, Inc.
> Attorney for Defendant
> **Eric Peels**
>
> Martin S. Cohen
> Of Counsel
> (212) 637-2416

cc:    Amy Lester, Esq., by Facsimile: (212) 627-2527
       Eric Peels